IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-19-1-FL
NO. 7:23-CV-01069-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANTONIO BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 68), and the government's motion to dismiss (DE 72). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Brian S. Meyers entered a memorandum and recommendation, wherein it is recommended that petitioner's motion be denied, and the government's granted (the "M&R") (DE 79). Petitioner filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, petitioner's motion is denied, and the government's is granted.

## BACKGROUND

The court incorporates herein the facts and background as more particularly set forth in the M&R:

> On August 12, 2014, petitioner pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(2) (count two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three).
>
> Prior to sentencing, the United States Probation Office filed a presentence investigation report ("PSR") determining petitioner's advisory sentencing

guideline range to be 262 to 327 months' imprisonment, based upon on a total offense level of 29 and a criminal history category of VI. (Final PSR (DE 30) ¶ 47; Sentencing Transcript (Tr.) (DE 47) 3). The PSR determined that petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense, including assaults with a deadly weapon on two separate occasions in 1999. (Final PSR ¶ 41; Tr. 3).

On March 2, 2015, the court sentenced petitioner to 202 months' imprisonment on count two and 60 months' imprisonment on count three, to be served consecutively, for a total of 262 months' imprisonment, as well as three years' supervised release on count two and five years' supervised release on count three, to run concurrently. (Judgment (DE 40) 4). Petitioner appealed his judgment of conviction. (DE 42). The United States moved to dismiss this appeal based upon the appellate waiver provision of petitioner's plea agreement, and the Fourth Circuit Court of Appeals granted the government's motion, dismissing the appeal. (DE 48, 49).

On June 27, 2016, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (DE 52). On August 1, 2016, the government's unopposed motion to stay the § 2255 proceeding was granted (DE 57), and the matter was placed in abeyance pending the final decision of the United States Supreme Court in Beckles v. United States, 137 S. Ct. 886 (2017). On March 10, 2017, the petitioner filed a notice of voluntary dismissal of his motion to vacate, "[p]ursuant to Fed. R. Civ. P. 41(a), and in light of the Supreme Court's decision in Beckles v. United States . . . ." (DE 58 at 1).

In his instant § 2255 motions (DE 67, 68) filed on June 12, 2023, petitioner asserts one claim, alleging that in light of the United States Supreme Court's ruling in United States v. Taylor, 142 S. Ct. 2015, 2016, 213 L. Ed. 2d 349 (2022), he was improperly sentenced as a career offender and should be resentenced without the career offender enhancement. (Pet'r's Mot. (DE 68) 4).

On July 24, 2023, respondent moved to dismiss the petition. (DE 72). Respondent argues that petitioner's § 2255 claim should be dismissed: (1) pursuant to Federal Rule of Civil Procedure 12(b)(1), because the court lacks subject matter jurisdiction as the petitioner filed this second or successive motion to vacate without pre-filing authorization from the Fourth Circuit Court of Appeals; or, alternatively, (2) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (See DE 73). Petitioner filed a response in opposition. (DE 75).

(M&R (DE 79) 1–3 (footnote omitted)).[1]

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Petitioner objections are styled as such, but the document is opaque and difficult to follow. (See generally Objs. to M&R (DE 80) ("Objs.")). The objections appear to revolve around an argument involving the Ex Post Facto clause of the United States Constitution, and a "[T]aylor town house meeting," about which the objections offer no context or details. (See id.).

Petitioner's objections, even read generously in light of his pro se status, are unresponsive to the M&R's discussion of petitioner's failure to comply with the pre-filing requirements of 28 U.S.C. § 2255(h), or its conclusion that petitioner's claim is not cognizable through § 2255. (See Objs. 1–2). The court therefore reviews the M&R's analysis for clear error, Diamond, 416 F.3d at 315, and finding none, adopts its recommendations on both issues.

3

Because the petitioner failed to comply with the requirements of 28 U.S.C. § 2255(h), and because his claim is not cognizable under § 2255, his motion must be denied, and the government's granted.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 79); petitioner's motion to vacate, set aside, or correct his sentence under § 2255 (DE 68) is DENIED, and the government's motion to dismiss petitioner's claim (DE 72) is GRANTED.

SO ORDERED, this the 21st day of February, 2024.

LOUISE W. FLANAGAN
United States District Judge